IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2005

Charles R. Fulbruge III
Clerk

No. 03-41170
Summary Calender

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA ORALIA LOZANO-TAMEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(03-CR-277)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Maria Oralia Lozano-Tamez pled guilty to possession with intent to distribute more than 100

grams of black tar heroin in contravention of 18 U.S.C. § 2, 841(a)(1), (b)(1)(B). She was sentenced

to 37 months incarceration, a sentence which was, in all respects, affirmed by this court. United

States v. Lozano-Tamez, 90 Fed.Appx. 79 (5th Cir. 2004)(per curiam). Subsequently however the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supreme Court vacated Lozano-Tamez's sentence in light of United States v. Booker, 125 S.Ct. 1419 (2005). See Jimenez-Velasco v. United States, 125 S.Ct. 1110 (2005). Thereafter, this court directed the parties to submit supplemental briefing to determine whether, based on Booker, Lozano-Tamez's sentence had been rendered constitutionally infirm.

Lozano-Tamez concedes that she did not object to her sentence either on the grounds: (1) that the judge enhanced her sentence based on facts admitted by her or proven beyond a reasonable doubt by a jury, see Booker, 125 S.Ct. 738, 756 (2005), nor (2) premised on the fact that she was sentenced under the Sentencing Guidelines when they were understood to be mandatory. Id. at 764-65. Therefore, Lozano-Tamez's sentence will be reviewed for plain error. Our plain error inquiry involves four related prongs: (1) there must have been an error; (2) that was clear and obvious; and (3) said error affected the substantial rights of the defendant. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). If the foregoing elements are satisfied, a reviewing court would properly find plain error if: (4) a demonstration is made that the error seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." Id.

We conclude that there has been no Booker error in this case. Lozano-Tamez's 37 month sentence was at the bottom the Sentencing Guidelines -- given that her Criminal History Category was I and Total Offense Level was 21 -- thus no showing can be made that she was subjected to a sentence *enhancement* based on conduct admitted by her or proven to a jury beyond a reasonable doubt. Second, given that the onus is placed on her to establish that "the sentencing judge – sentencing under an advisory scheme rather than a mandatory one – would have reached a significantly different result" Mares, 402 F.3d at 521, we find nothing in the record remotely suggests that she has met this burden. Moreover, we are also unpersuaded by Lozano-Tamez argument that

2

the sentencing error in this case was "structural," as this argument has already been foreclosed by this court.  See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).  Accordingly, Lozano-Tamez's sentence must be affirmed.

AFFIRMED.